UNITED STATES of America, Appellee,

v.

Weng Yu HUI, Defendant–Appellant.

No. 1559, Docket 95-1614.

United States Court of Appeals,
Second Circuit.

Argued May 6, 1996.

Decided May 15, 1996.

Robert S. Wolf, New York City, for defendant-appellant.

Judith Leib, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York (Zachary W. Carter, United States Attorney, Edward A. Rial, Assistant United States Attorney for the Eastern District of New York, of counsel), for appellee.

Before: FEINBERG, CABRANES, and PARKER, Circuit Judges.

PER CURIAM:

Weng Yu Hui appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Reena Raggi, *Judge*) on October 27, 1995. Weng pleaded guilty to conspiracy to smuggle illegal aliens into the United States in violation of 18 U.S.C. § 371 and 8 U.S.C. §§ 1324, 1325; and aiding in the misconduct of a ship officer resulting in loss of life, in violation of 18 U.S.C. § 1115. The district court sentenced him principally to concurrent terms of imprisonment of five and ten years and a fine of $250,000.

Weng's conviction arises from the June 6, 1993, intentional grounding of the *Golden Venture,* a cargo ship carrying approximately 290 Chinese nationals seeking entry into the United States, off the Gateway National Recreation Area in Queens, New York. Ten people drowned or died of hypothermia while attempting to swim ashore. Weng, an acknowledged alien smuggler, leased space on the *Golden Venture* to transport 35 to 40 aliens into the United States. Along with the organizer of the voyage, Weng was in frequent contact with the ship and instructed its commander to run the ship aground.

On appeal, Weng challenges the calculation of his sentence, claiming that: (1) through an erroneous application of U.S.S.G. § 5G1.2(c), the district court failed to give effect to the Government's substantial assistance motion pursuant to § 5K1.1; and (2) the sentence imposed on each individual count reflected an unreasonable upward departure. We reject both arguments.

At the sentencing hearing on October 13, 1995, the district court began, with the parties' agreement, by accepting the offense level calculations set forth in appellant's presentence report. Those calculations prescribed a sentencing range of twenty-seven to thirty-three months imprisonment and a $6,000 to $60,000 fine. After hearing from counsel and the defendant, the district court stated that Weng was "one of the most culpable people to stand before the Court for this tragedy" and identified the bases for an upward departure. Judge Raggi concluded that, but for Weng's cooperation with authorities, she would have imposed the maximum five-year sentence for the smuggling charge and the maximum ten-year sentence on the aiding misconduct (manslaughter) charge, for a total sentence of fifteen years. In light of the Government's substantial assistance motion, however, the district court departed downward and ran the sentences concurrently, for a total sentence of ten years.

The gravamen of appellant's contention that the district court failed to give effect to the Government's substantial assistance motion is that the district court proceeded from the erroneous premise that it had the authority to run Weng's sentences *consecutively,* for a fifteen-year total sentence. Because the district court only had the power to run the sentences *concurrently,* the argument goes, appellant was effectively denied the benefit of any downward departure for his cooperation. That is, in imposing a ten-year total sentence, the district court was not (as it thought) reducing appellant's sentence by five years, but imposing the maximum sentence within its power. Accordingly, appellant contends that his sentence must be reduced by five years.

In arguing that the district court lacked the power to run the sentences consecutively, appellant relies on U.S.S.G. § 5G1.2(c), which provides that sentences on multiple counts shall run concurrently so long as "the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment" prescribed by the Guidelines. Because the statutory maximum on the manslaughter charge was ten years, appellant contends that imposition of a ten-year sentence on that count would have been more than adequate to achieve the total punishment prescribed by the guidelines— namely, twenty-seven to thirty-three months. In such circumstances, appellant argues, the district court could not have run the five-year sentence on the smuggling charge consecutively.

■ This contention is without merit. The district court may abjure the concurrent sentence paradigm set forth in § 5G1.2. *See* 18 U.S.C. § 3584(a) ("[M]ultiple terms of imprisonment . . . may run concurrently or consecutively. . . ."). Its decision to do so con-

stitutes an upward departure. *See United States v. Quinones,* 26 F.3d 213, 216 (1st Cir.1994). Conceptually, then, on this appeal Weng challenges the reasonableness of an admittedly significant upward departure achieved by the combined effect of: (1) the district court's decision to impose the maximum sentence, rather than a sentence within the guideline range of twenty-seven to thirty-three months, on each count; and (2) the district court's decision to depart from the concurrent sentence regime of § 5G1.2 by treating a sentence of consecutive terms as the starting point from which to calculate an appropriate reduction for Weng's cooperation with the Government.

■ In reviewing a departure from the Guidelines, we consider: (1) whether the reasons offered by the district court for departing are "of a kind or a degree that may be appropriately relied upon to justify a departure"; (2) whether the factual findings underlying the district court's reasons are clearly erroneous; and (3) whether, giving "considerable deference to the district court," the extent of the departure is reasonable. *United States v. Tropiano,* 50 F.3d 157, 162 (2d Cir.1995). Weng does not contend that the district court relied upon inappropriate factors or clearly erroneous findings of fact; we therefore need only consider the reasonableness of the admittedly significant upward departure in this case.

■ We conclude that, based on the record before the district court, a substantial upward departure was not unreasonable. On the manslaughter conviction, the district court took into account that (1) multiple deaths resulted; *see* U.S.S.G. § 5K2.1 (policy statement); and (2) the intentional grounding of the ship made it not only foreseeable, but likely, that deaths would result, *see id.* On the alien-smuggling count, the district court properly took into account that (1) the conditions on the smuggling voyage were dangerous and inhumane; (2) multiple deaths and injuries resulted; and (3) the smuggling voyage involved substantially more than 100 aliens. *See* U.S.S.G. § 2L1.1 application note 5. In sum, although the district court's decision to impose the statutory maximum on each count, and to use a consecutive-term

sentence as the starting point for a downward departure for substantial assistance, reflects an extreme departure from the prescribed sentencing range, such a departure was reasonable and appropriate in this case.

We have considered appellants' remaining contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court is affirmed.