UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4053

CARL A. EUBANKS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-97-110)

Submitted: October 20, 1998

Decided: November 18, 1998

Before NIEMEYER and MICHAEL, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

G. Wells Dickson, Jr., Charleston, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Brucie H. Hendricks, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Carl A. Eubanks appeals from the district court's judgment convicting him of one count of armed bank robbery, 18 U.S.C.A. § 2113(a)(d) (West Supp. 1998) (count one), one count of possession of a firearm during a crime of violence, 18 U.S.C.A.§ 924(c) (West Supp. 1998) (count two), and one count of possession of a weapon by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(e) (West Supp. 1998) (count three). Relying on provisions of 18 U.S.C.§ 3559 (1994), the court sentenced Eubanks to serve concurrent life terms of imprisonment on counts one and two. Eubanks was also sentenced to a life term on count three to be served consecutively to counts one and two. Eubanks's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that the appeal does not present any meritorious issues but raising two issues: whether the court erred in failing to suppress the in-court identification of Eubanks based upon an unduly suggestive "show-up" identification procedure and whether the court erred in imposing a life sentence on count two. Eubanks has filed a pro se supplemental brief raising several issues. We find no merit to the issues concerning the "show-up" or the issues raised by Eubanks in his pro se supplemental brief. However, we find that the court erred in not sentencing Eubanks to a consecutive life term for the § 924(c) conviction. In addition, the court failed to place on the record its reasons for sentencing Eubanks to a consecutive life term for the § 922(g)(1) conviction. Accordingly, we vacate the sentences and remand for further proceedings consistent with this opinion.

On December 31, 1996, the Lowcountry Savings Bank in Somerville, South Carolina, was robbed at gunpoint by a man wearing a brown mask. The robber shot a bank employee causing serious injury. Larry George was in a car near the bank and aware that a robbery was taking place. He observed Eubanks leaving the bank, removing a brown mask and getting into the driver's side of a blue car. George unsuccessfully tried to block Eubanks from driving away from the area by moving his car directly in front of Eubanks's car. George followed Eubanks for some distance before he lost him in traffic. George described Eubanks and the car he was driving to police. Police soon arrested Eubanks after finding the abandoned getaway car. Two hours

after the robbery, George was asked by police to return to the bank and identify Eubanks. George identified Eubanks as the man he saw leaving the bank and later identified him at trial.

A court must engage in a two-step inquiry in determining whether identification testimony is admissible. See United States v. Wilkerson, 84 F.3d 692, 695 (4th Cir. 1996), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3297 (U.S. Oct. 20, 1997) (No. 97-493). First, the defendant must establish that the identification procedure was impermissibly suggestive. See Manson v. Brathwaite, 432 U.S. 98, 110 (1977). Second, even if the procedure is found to be unduly suggestive, the in-court identification is valid if it was reliable. Id. at 114.

We may proceed directly to the reliability of the in-court identification without determining whether the defendant has met the threshold requirement of suggestiveness. See Holdren v. Legursky, 16 F.3d 57, 61-62 (4th Cir. 1994). In evaluating the reliability of the identification, we consider: (1) the witness's opportunity to view the perpetrator at the time of the crime; (2) the witness's degree of attention at the time of the offense; (3) the accuracy of the witness's prior description of the perpetrator; (4) the witness's level of certainty when identifying the defendant as the perpetrator at the time of confrontation; and (5) the length of time between the crime and the confrontation. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

We find George's in-court identification reliable. He had a good opportunity to view Eubanks as he was leaving the bank and getting into his car. George had a high degree of attention knowing that he was witnessing the getaway from a bank robbery. His description of Eubanks was accurate, and he quickly identified Eubanks when he saw him in the back of a police car.

In his pro se supplemental brief, Eubanks raises several issues which we find to be without merit. Eubanks was not unfairly prejudiced by testimony from the robbery victim concerning her son or by the prosecutor's statement concerning that testimony. The testimony was only a small part of a three-day trial. It was not a violation of 18 U.S.C. § 201(c) (1994) for the Government to promise a witness it would advise local authorities of the witness's cooperation in exchange for truthful testimony. Nor was it error to permit testimony

3

from a paramedic with nine years' experience that Eubanks's shoulder injury could have come from an automobile accident. Eubanks has offered no reason to find the court's decision denying his <u>Batson</u> challenge clearly erroneous.[1]<u>See United States v. Bynum</u>, 3 F.3d 769, 772 (4th Cir. 1993) (court's factual findings in denying a <u>Batson</u> challenge reviewed for clear error). Eubanks's <u>Miranda</u> rights were not violated when a police officer asked him for the name of his next of kin.[2] <u>See, e.g.</u>, <u>United States v. Carmona</u>, 873 F.2d 569 (2d Cir. 1989) (questions not intended to illicit incriminating information do not violate <u>Miranda</u>). The other issues raised by Eubanks are also without merit.

We now turn out attention to the sentencing issues. Initially, we find the court did not err in sentencing Eubanks to a life sentence for the § 924(c) conviction. Under § 3559(c), the court was obligated to impose the life sentence because Eubanks had two prior violent felony convictions.

We conclude, however, that the life sentence imposed upon the § 924(c) conviction should have run consecutively to any other sentence imposed. Section 924(c)(1) states that "the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried."

The Supreme Court found that § 924(c)'s consecutive-sentencing provision is unambiguous and removes the district court's discretion to sentence a defendant who violates § 924(c) to a concurrent sentence. <u>See United States v. Gonzales</u>, 520 U.S. 1, ___, 65 U.S.L.W. 4157, 4159-60 (1997). Thus, we find that Eubanks's§ 924(c) sentence should run consecutively to any other sentence imposed.

We also conclude that the consecutive life sentences imposed under § 922(g)(1) must be vacated. The USSG§ 5G1.2(c) (1997) pro-

---

[1] **<u>Batson v. Kentucky</u>**, 476 U.S. 79 (1986).

[2] **<u>Miranda v. Arizona</u>**, 384 U.S. 436 (1966).

4

vides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." In other words, if the count carrying the highest statutory maximum permits a sentence at least as high as the sentence called for by the sentencing table, such a sentence is imposed on that count and sentences on all other counts are imposed to run concurrently. See United States v. Mizrachi, 48 F.3d 651, 654 (2d Cir. 1995). The Sentencing Guidelines contemplate concurrent sentences, unless consecutive sentences are necessary to achieve the applicable guideline range. See United States v. Morgano, 39 F.3d 1358, 1366 (7th Cir. 1994).

Appellant's statutory life sentence for the robbery conviction was as high as what was called for by the Sentencing Guidelines. There is no statutory requirement that Appellant's life sentence for the weapon possession conviction be served consecutively. Because the Sentencing Guidelines require that concurrent sentences be imposed in situations such as the instant case, courts have held that the decision to have the sentences run consecutively is a departure from the Sentencing Guidelines. See United States v. Hui , 83 F.3d 592, 593-94 (2d Cir. 1996); United States v. Quinones, 26 F.3d 213, 216 (1st Cir. 1994).

However, courts may impose consecutive sentences despite § 5G1.2(c). See 18 U.S.C. § 3584(a) (1994) ("Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."). Similar to other departures from the Sentencing Guidelines, the reasons for departure must be put on the record. See United States v. Candelario-Cajero, 134 F.3d 1246, 1249 (5th Cir. 1998); Hui, 83 F.3d at 594; Quinones, 26 F.3d at 216.

In the instant case, there is no discussion in either the presentence investigation report or the sentencing transcript regarding a consecutive sentence for the weapon possession conviction. Nor did the court at sentencing explain its reason for imposing the consecutive sentence. Because the court ordered the weapon possession sentence to be served consecutively to the other two sentences without stating its reasons on the record, we vacate the sentence and remand for the

5

court to clarify whether it intended this sentence to run consecutively to the other two sentences and, if so, to state its reasons on the record.

Based on the foregoing, we affirm Eubanks's convictions, but vacate his sentences and remand to the district court for resentencing. On remand, the district court should order that the life sentence imposed for the § 924(c) conviction be served consecutively to any other sentence. In addition, the district court should clarify whether it intends to sentence Eubanks to a consecutive life sentence for the § 922(g)(1) conviction. If so, it should state the reasons for the departure on the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

6