UNITED STATES of America,
Appellee,

v.

Saul Dos REIS, Defendant–Appellant.

Docket No. 03–1593.

United States Court of Appeals,
Second Circuit.

Argued: March 29, 2004.

Decided: May 24, 2004.

---

James Michael Lenihan, Lenihan & Tilem, White Plains, NY, for Defendant–Appellant.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, Bridgeport, CT (Brian E. Spears, on the brief), for Appellee.

Before: McLAUGHLIN and JACOBS, Circuit Judges, and COVELLO, District Judge.*

McLAUGHLIN, Circuit Judge.

Saul Dos Reis appeals from a sentence entered in the United States District Court for the District of Connecticut (Underhill, *J.*).

Dos Reis pled guilty to two counts of interstate travel to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2423(b). Pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 5K2.1, the court upwardly departed and sentenced Dos Reis to consecutive terms of 120 and 180 months' imprisonment, representing the statutory maximum on both counts, for a total term of 300 months' imprisonment.

On appeal, Dos Reis argues that: (1) the district court erred in departing upwardly and sentencing him to the statutory maximum on Count I based on conduct alleged in Count II; and (2) the extent of the departure impermissibly double-counted the victim's age, and, alternatively, was unreasonable.

We conclude that the district court did not commit plain error by upwardly departing and imposing the statutory maxi-

---

* The Honorable Alfred Covello, United States District Judge for the District of Connecticut, sitting by designation.

mum on Count I. Because we review this challenge only for plain error, we address, but do not resolve, the unsettled issue of whether "total punishment" under U.S.S.G. § 5G1.2(d) (which allows consecutive sentencing in multiple count cases) includes an upward departure based on conduct relating to only one count of conviction. Although Dos Reis's sentence is more than triple the upper limit of the Guidelines' range of 87 months, we hold that the district court did not double count and that the extent of the departure was not unreasonable.

Thus, we affirm the sentence in all respects.

## BACKGROUND

### A. *Facts*

In 1998, Dos Reis "met" 15–year–old "Jane Doe" in an Internet chat room. Dos Reis wrote that he was 19, when in fact he was 20. After several weeks of communication, Dos Reis traveled from his workplace in Portchester, New York, to Jane Doe's home in Prospect, Connecticut, where they engaged in consensual sexual intercourse. After this encounter, they met twice more to engage in sexual intercourse.

In 2002, Dos Reis met "Christina" over the Internet in a similar fashion. Christina was 13 years and 2 months old, but she said she was 14. Dos Reis was now 24 years old and married, yet he told Christina that he was 19. Within one week of meeting over the Internet, they met in person at a shopping mall in Danbury, Connecticut, and rented a motel room, where they engaged in sexual intercourse.

When they met again at the mall the following week, Dos Reis drove Christina to a nearby parking lot where they engaged in sexual intercourse in his car.

Christina died during intercourse. Forensic analysis showed ligature marks on her neck.

At sentencing, Dos Reis claimed that Christina asked to be strangled, ostensibly to create an asphyxia "high." In his sentencing memorandum, Dos Reis claimed that Christina herself tied a seatbelt around her neck and asked him to tighten it to produce the desired effect. Finding that the seatbelt hurt and worried that it might leave a mark, she then "showed him how to grip her neck and how to squeeze and loosen his grip." Dos Reis proceeded to use his hands on her neck to create the supposedly desired asphyxia. When Christina appeared to be in trouble, Dos Reis asserts that he thought she was kidding around. Christina, however, soon became unresponsive. Dos Reis unsuccessfully attempted mouth-to-mouth resuscitation, tasting blood in her mouth.

The events following her death are undisputed. Dos Reis left Christina's body in a stream and discarded her personal belongings in a gas station dumpster. The next day, in an effort to concoct an alibi, Dos Reis sent a self-serving e-mail to Christina, asking her about a date that she supposedly had with another man the previous night.

### B. *Procedural History*

Dos Reis was charged in both state and federal court for the crimes associated with Christina's death as well as his sexual encounters with Jane Doe. In state court, Dos Reis pled guilty to statutory rape and entered an *Alford* plea to a charge of manslaughter in connection with the crimes he committed against Christina. A year later, Dos Reis was sentenced in the Connecticut Superior Court to 30 years' imprisonment.

In federal court, Dos Reis pled guilty to two counts of interstate travel to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2423(b). Count I alleged his sexual abuse of Jane Doe in 1998; Count II concerned his sexual abuse of Christina in 2002.

The presentence report ("PSR") separated the two counts into two groups under U.S.S.G. § 3D1.2 because they involved separate victims. The offense level for each group was determined to be 28 predicated on: (1) a base offense level of 24 under U.S.S.G. § 2A3.2(a)(1); plus (2) an additional 2 levels for misrepresentation of identity; and (3) an additional 2 levels for using the Internet. Next, the combined adjusted offense level was set at 30 based on: (1) calculating 2 units from separating the 2 groups; and (2) adding 2 levels to the group with the highest offense level under U.S.S.G. § 3D1.4. From a combined adjusted offense level of 30, the PSR recommended a three-level downward adjustment for acceptance of responsibility. Accordingly, the single, combined offense level totaled 27, resulting in a sentencing range of 70–87 months' imprisonment.

Prior to his federal sentencing, the Government sought: (1) a denial of the reduction for acceptance of responsibility; (2) an upward criminal history departure; and (3) an upward offense level departure based on Christina's death. Dos Reis, in turn, requested an offense level reduction for his acceptance of responsibility, and he opposed both of the Government's motions for upward departures.

At sentencing, the court granted a three-level reduction for Dos Reis's acceptance of responsibility and adopted the PSR's suggested combined offense level of 27 and sentencing range of 70–87 months.

Citing U.S.S.G. § 5K2.1, the court also granted the Government's motion for an upward departure based on Christina's death. The court found that Dos Reis "knowingly risked Christina's death" because "[s]trangling ... is [an] inherently dangerous activity." Noting that it would have been "impossible" for Dos Reis not to know that he was "risking either death or serious physical harm to Christina at the time that he applied that pressure" to her neck, the court stated that "[w]hether or not, therefore, it was ... 'an accident' doesn't matter." The court then analogized the crime to felony murder under 18 U.S.C. § 1111, concluding that "[t]here's no dispute whatsoever that the death occurred during the commission of the offense at issue, that is sexual abuse."

In considering the extent of the departure, the court reasoned that Christina's young age "not only makes the conduct more reprehensible but also ... increases the risk of death or serious harm from the conduct of choking or applying pressure to the neck." The court also noted that Dos Reis's disposal of the body and fabrication of an alibi were "factors that suggest a serious offense and suggest a more severe increase under the violations of 5K2.1."

The court upwardly departed to offense level 43—corresponding to the offense level of felony murder under U.S.S.G. § 2A1.1—which would have warranted a term of life imprisonment. However, the court noted that it was not permissible "to depart that far because the statutory maximum" for the offenses limited the extent of departure to 25 years. Citing U.S.S.G. § 5G1.2, which governs sentences imposed in cases involving multiple counts, the court imposed consecutive sentences of 120 and 180 months' imprisonment on Counts I and II, respectively, the statutory maximum on each count.[1]

---

1. The 120- and 180-month consecutive sentences imposed on Counts I and II, respec-

In its written judgment, the court did not list any factors in support of its upward departure. Upon motion by the Government, however, the court amended its judgment and listed the following reasons: (1) the offense level substantially understated the seriousness of the crime; (2) Christina's death was knowingly risked and merited a "substantial increase" under § 5K2.1; and (3) Dos Reis's conduct was analogous to felony murder.

This appeal followed.

## DISCUSSION

Dos Reis does not contest the district court's decision to depart upwardly under U.S.S.G. § 5K2.1. He does, however, challenge the procedure used to calculate the total sentence and the magnitude of the upward departure. Dos Reis argues that: (1) the district court erred in departing upwardly and in sentencing him to the statutory maximum on Count I based on conduct occurring in connection with Count II; and (2) the extent of the departure impermissibly double-counted the victim's age, and, alternatively, was unreasonable. We address each contention in turn.

I. *Statutory Maximum Sentence on Count I*

■ The district court upwardly departed on Count I (involving Jane Doe) from the combined Guidelines sentencing range of 70–87 months' imprisonment based on Christina's death, as alleged in Count II. To come as close as possible to a sentence of life imprisonment—the punishment prescribed by the upward departure to offense level 43—the district court imposed

consecutive, statutory maximum sentences on both counts. Dos Reis now, for the first time, claims that the imposition of the statutory maximum on Count I was erroneous.

■ Because Dos Reis did not object to his sentence on this ground below, we review his claim for plain error pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure. *See United States v. Thomas*, 274 F.3d 655, 666 (2d Cir.2001). To obtain relief under Rule 52(b), Dos Reis must show among other things "(1) error, (2) that is plain, and (3) that affect[s][his] substantial rights." *Id.* at 667.

In a case, such as this, involving multiple counts of conviction, Chapter Three, Part D of the Guidelines "provides rules for determining a single offense level that encompasses all the counts of which the defendant is convicted." U.S.S.G. Ch. 3, Pt. D, intro. comment. It is only from this single offense level that the final sentence is calculated "in accordance with the provisions of Chapter Five." U.S.S.G. § 3D1.5.

Chapter Five, Part G of the Guidelines, in turn, provides the rules for implementing the total sentence. Section 5G1.2(d), governing sentencing on multiple counts of conviction, provides:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the *total punishment,* then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

tively, result from the application of different versions of 18 U.S.C. § 2423(b). The 1998 version, applicable to Count I, carries a 120–month statutory maximum; the 2002 version, applicable to Count II, has a 180–month statutory maximum. Moreover, the district court

directed that Count I was to be served consecutively to the state sentence, and that Count II was to be served concurrently with the state sentence. Therefore, Dos Reis's combined federal and state term of imprisonment is 40 years.

U.S.S.G. § 5G1.2(d) (emphasis added); *United States v. Evans*, 352 F.3d 65, 71 (2d Cir.2003). The critical issue in this case· is whether "total punishment" includes an upward departure based on conduct relating to only one of the two counts of conviction.

Dos Reis contends that the district court could not impose the statutory maximum sentence on Count I (Jane Doe) based on conduct from Count II (Christina). This argument, however, conflates the "total punishment" issue with the calculation of the underlying upward departure. Dos Reis misapprehends the way in which the district court calculated the upward departure. Contrary to his belief, the departure here was not calculated on a count-by-count basis. Instead, the district court adopted the PSR, which properly: (1) divided the counts into separate groups; (2) calculated the adjusted offense level for each count; (3) determined the combined adjusted offense level; and (4) arrived at the final combined offense level of 27. From this combined offense level, the court properly departed to offense level 43 without regard to the count on which the departure was based.

The decisive issue concerns what occurred next. Offense level 43 corresponds to life imprisonment, which is far beyond the statutory maximum of both counts. Applying § 5G1.2(d), the district court imposed consecutive, statutory maximum sentences of 120 and 180 months' imprisonment on Counts I and II, respectively, to sentence Dos Reis as close as possible to the punishment prescribed by the upward departure. This raises the question whether the upward departure should be factored into the calculation of "total punishment."

The labyrinthian complexity of chapters three and five of the Guidelines is scarcely mitigated by the murky case law on the subject. The Guidelines' concept of "total punishment" is not well-defined. Although we have described "total punishment" as the "punishment determined after all relevant Guidelines' calculations have been made," *United States v. McLeod*, 251 F.3d 78, 82 (2d Cir.2001) (citing U.S.S.G. § 5G1.2(b)), we have never expressly held that upward departures are factored into the calculation of "total punishment." Other circuits are split on this issue. *Compare United States v. Evans*, 314 F.3d 329, 332 n. 1 (8th Cir.2002) (concluding that " 'total punishment' ... includes a lawful upward departure"), *and United States v. Hernandez Coplin*, 24 F.3d 312, 320 n. 9 (1st Cir.1994) ("[T]he total punishment under U.S.S.G. § 5G1.2 is normally determined by the guideline range, but where the sentencing court lawfully departs from the guideline range, the total punishment is the punishment specified as a result of that departure ...." (internal quotations and citation omitted) (alteration in original)), *and Kikumura v. United States*, 978 F.Supp. 563, 582 (D.N.J.1997) (citing case law supporting the proposition that "total punishment" includes upward departures), *with United States v. Martinez*, 274 F.3d 897, 904 (5th Cir.2001) ("The text and structure of the guidelines leads us to conclude that U.S.S.G. § 5G1.2's 'total punishment' calculation excludes departures.").

The closest case on point in this Circuit is *United States v. Hui*, 83 F.3d 592 (2d Cir.1996) (per curiam), which implicitly recognized that "total punishment" may include at least some upward departures. *Id.* at 594 (affirming an upward departure and noting that it was "reasonable and appropriate" under § 5G1.2(d) to "impose the statutory maximum on each count, and to use a consecutive-term sentence as the starting point for a downward departure ...."). But even if we concede that "total

punishment" includes upward departures, it is not clear that the "total punishment" in this case would include an upward departure on Count I based on conduct relating solely to Count II.

Unlike in our case, the upward departure in *Hui* was premised on conduct related to *both* counts of conviction. *See id.* (concluding that the upward departure was not unreasonable as to both the manslaughter and alien-smuggling counts). Here, the upward departure on both counts was based solely on Christina's death, which derived from Count II and which occurred over four years after the incidents in Count I, which involved another victim. Even if we were to read *Hui* to hold that "total punishment" includes upward departures, the case at bar is distinguishable and merits more refined analysis. *See id.* (upward departure for the death of 10 illegal aliens attempting to swim ashore after the intentional grounding of a ship was directly related to manslaughter and alien-smuggling counts). We leave this question to another day on another record because, if error there was, it certainly was not "plain." *See Thomas,* 274 F.3d at 667 ("An error is 'plain' if it is 'clear' or 'obvious' at the time of appellate consideration.").

■ Dos Reis also maintains that the district court failed to state any reasons for its departure. We disagree. Section 3553(c) requires a district court to "state in open court the reasons for its imposition of the particular sentence" and, if the court departs from the Guideline range, to include in its written order of judgment the specific reasons for a departure. 18 U.S.C. § 3553(c)(2). A review of the sentencing hearing transcript and written amended judgment compels the conclusion that the court met this standard. In any event, because the departure was permissible for the reasons stated by the district court at sentencing, we would not remand for lack of specificity in the written judgment. 18 U.S.C. § 3742(f)(3); *see United States v. Orchard,* 332 F.3d 1133, 1141 n. 7 (8th Cir.2003) ("[A] remand is not required if the reviewing court determines that the departure was not impermissible.").

## II. The Extent of the Upward Departure

Dos Reis challenges the extent of the departure on two grounds: (1) the departure impermissibly double-counted the victim's age; and (2) the imposition of consecutive statutory maximum prison terms was unreasonable. We uphold the extent of the upward departure.

### A. Double–Counting

■ Dos Reis contends that the district court improperly double-counted the victim's age as a factor in considering the extent of the upward departure based on Christina's death under U.S.S.G. § 5K2.1. Because this objection was not raised below, it is reviewed for "plain error." Fed. R.Crim.P. 52(b); *see Thomas,* 274 F.3d at 667.

The Guidelines permit upward departures for "an aggravating ... circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b)(1). "Thus, where the particular factor has already been considered in setting the base level, counting the factor again in making a departure violates § 3553(b) unless the factor is present in a degree which the Commission did not consider." *United States v. Campbell,* 967 F.2d 20, 24 (2d Cir.1992).

■ The defendant bears the burden of establishing that the departure was based, at least in part, upon a factor that the Commission had already considered in setting the sentencing range. *Williams v.*

*United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). If he meets this burden, "a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless . . . ." *Id.*

Dos Reis's sentencing range was calculated under U.S.S.G. § 2A3.2: "Criminal Sexual Abuse of a Minor Under the Age of Sixteen Years (Statutory Rape)." As the title indicates, the victim's age was one of the factors explicitly considered by the Sentencing Commission in establishing this provision. Thus, if the district court's upward departure was also premised in part on Christina's age, Dos Reis will have met his initial burden.

Notwithstanding several references to Christina's age, we conclude that there was no double-counting. The district court stated: "The age here not only makes the conduct more reprehensible but also, I believe, increases the risk of death or serious harm from the conduct of choking or applying pressure to the neck." Although the first clause suggests double-counting, the crux of the reference to age is the second clause, which states that the victim's young age made the risk of death more foreseeable. Because the degree to which death was "knowingly risked" is a factor guiding the extent of departure, *see* U.S.S.G. § 5K2.1, the court properly used the victim's age—and implied physical vulnerabilities—as evidence of Dos Reis's knowledge of the risk of death or serious injury. *Cf. United States v. Castellanos,* 355 F.3d 56, 60 (2d Cir.2003) ("[A] district court may base two aspects of a Guidelines calculation on a single act where they serve different purposes.").

■ Even assuming *arguendo* that the court double-counted, we find that any error was harmless. *See United States v. Payton,* 159 F.3d 49, 61 (2d Cir.1998) ("When a sentencing court relies on a com-

bination of permissible and impermissible factors to justify a departure, the sentence will be affirmed if an appellate court determines the district court would have imposed the same sentence absent reliance on the impermissible factors."). Because the upward departure was primarily based on Dos Reis's knowledge of the risk of death or serious physical harm and the court's analogy to felony murder, we conclude that the district court would have imposed the same departure even without reference to Christina's age. Accordingly, we do not find any error, let alone plain error.

**B.  *Reasonableness of the Departure***

■ Alternatively, Dos Reis argues that the more than three-fold departure from the maximum sentence prescribed by his sentencing range was unreasonable because the victim's death was an accident and his conduct was "more akin to manslaughter, not murder." For the reasons that follow, we hold that the upward departure from a range of 70–87 months' imprisonment to a total sentence of 300 months' imprisonment was not unreasonable on the appalling facts of this case.

In reviewing the extent of the upward departure, this Court examines whether the "sentence departs to an unreasonable degree from the applicable guidelines range," 18 U.S.C. § 3742(e)(3)(C), and "give[s] due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); *United States v. Barresi,* 361 F.3d 666, 671 (2d Cir.2004).

In determining whether the extent of the departure is reasonable, the Supreme Court has instructed appellate courts to consider "the amount and extent of the departure in light of the grounds for departing" and "to examine the factors to be considered in imposing a sentence under the Guidelines, as well as the district

court's stated reasons for the imposition of the particular sentence." *Williams,* 503 U.S. at 203–04, 112 S.Ct. 1112. The determinative question is whether the "reasons given by the district court ... are sufficient to justify the magnitude of the departure." *Id.* at 204, 112 S.Ct. 1112.

Authorization for the court's departure stems from § 2A3.2 and § 5K2.1 of the Guidelines. Application Note 7 to § 2A3.2, the relevant offense level guideline in this case, indicates that an upward departure may be warranted where the "offense level determined under this guideline substantially understates the seriousness of the offense." U.S.S.G. § 2A3.2, comment. (n.7). Policy statement 5K2.1 provides that a court may upwardly depart from the sentencing range if death results from the criminal activity. U.S.S.G. § 5K2.1, p.s. However, "[l]oss of life does not automatically suggest a sentence at or near the statutory maximum." *Id.* When deciding the magnitude of the departure, a court should consider: (1) "the dangerousness of the defendant's conduct"; (2) "the extent to which death or serious injury was intended or knowingly risked"; and (3) "the extent to which the offense level for the offense of conviction ... already reflects the risk of personal injury." *Id.*

The district court based its 213–month upward departure on: (1) the victim's young age, which, *inter alia,* made the likelihood of death from choking more foreseeable; (2) Dos Reis's knowledge of the risk of death or serious physical harm based on his conduct; (3) the disposal of Christina's body in a stream; (4) the creation of a false alibi after the crime; and (5) an analogy to federal felony murder, which carries an offense level of 43, U.S.S.G. § 2A1.1, corresponding to life imprisonment, *id.* Ch. 5, Pt. A (sentencing table).

Departing to the statutory maximum on both counts was not unreasonable on this record. The critical factor was Dos Reis's knowledge of the risk of death from squeezing Christina's neck. This knowledge, according to § 5K2.1, merits a "substantial increase" above the sentencing range. U.S.S.G. § 5K2.1. Moreover, the court could also have reasonably found that the offense level applicable here, U.S.S.G. § 2A3.2, did not reflect the risk of personal injury because it generally applies to consensual sexual acts. *See* U.S.S.G. § 2A3.2, comment. (backg'd.); *cf. id.* § 2A3.1, comment. (backg'd.) ("Sexual offenses addressed in this section are crimes of violence.").

The district court, moreover, cannot be faulted for analogizing the tragedy of Christina's death to federal felony murder. *See United States v. Fan,* 36 F.3d 240, 245 (2d Cir.1994) ("Reference to an analogous statute is a well-established method to determine the magnitude of an upward departure."). Federal felony murder constitutes first-degree murder, which includes any murder "committed in the perpetration of, or attempt to perpetrate ... aggravated sexual abuse or sexual abuse ...." *See* 18 U.S.C. § 1111(a); *United States v. Thomas,* 34 F.3d 44, 48–49 (2d Cir.1994) (recognizing that the intent to commit the underlying felony satisfies the "malice aforethought" requirement of first-degree murder).

This Court has often affirmed upward departures that more than triple the upper-limit of the sentencing range. *See, e.g., United States v. Fei,* 225 F.3d 167, 170–72 (2d Cir.2000) (affirming departure from 33–month upper-limit of the sentencing range to 120 months); *Hui,* 83 F.3d at 594 (affirming a departure, based in part on § 5K2.1, from the range of 27–33 months up to 180 months, where illegal alien smuggling operation led to death of ten people); *United States v. Rivalta,* 925 F.2d 596, 599 (2d Cir.1991) (affirming a

§ 5K2.1 departure from approximately two to twenty years).

In sum, we defer to the district court's well-reasoned findings and departure to the statutory maximum. Whether or not the death was an accident, the court correctly found that "[i]t is impossible ... for Dos Reis to not understand, that he did not know that he was risking either death or serious physical harm to Christina at the time that he applied that pressure" to her fragile neck. Moreover, dumping her body in a stream and sending her a self-serving e-mail the day after her death to establish an alibi are additional grounds to support the severe departure. *See United States v. Cordoba–Murgas*, 233 F.3d 704, 710 (2d Cir.2000) (noting that the factors guiding departure are not exhaustive and are left to the court's discretion). Accordingly, the extent of the upward departure was reasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence entered by the district court in all respects.