**UNITED STATES of America,**
**Appellee,**

v.

**Gorge IBARRA, Defendant-appellant.**

**No. 04–1849–CR.**

United States Court of Appeals,
Second Circuit.

Jan. 11, 2005.

Paul E. Warburgh, Jr., New York, New York, for Appellant.

Daniel S. Ruzumna, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Maria A. Barton, Assistant United States Attorney), New York, New York, for Appellee of counsel.

Present: WINTER, SOTOMAYOR, Circuit Judges, and HOLWELL, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Southern District of New York, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Gorge Ibarra ("Ibarra") appeals from an April 1, 2004 judgment of conviction and a sentence entered in the United States District Court for the Southern District of New York (Daniels, J.). Ibarra was convicted after a jury trial of conspiracy to commit money

---

* Hon. Richard J. Holwell, United States District Judge for the Southern District of New York, sitting by designation.

laundering in violation of 18 U.S.C. § 1956(h) and was sentenced principally to 78 months of imprisonment. We assume the parties' familiarity with the background of this case and its procedural context. On this appeal, Ibarra challenges (1) the district court's jury charge concerning conscious avoidance and (2) the imposition of various sentencing enhancements on the ground that they violated his Sixth Amendment rights. Neither claim has merit.

## 1. *Conscious Avoidance Instruction*

Ibarra argues that the district court erred in charging the jury that it could convict him of the conspiracy offense if it found beyond a reasonable doubt that he knowingly joined the conspiracy and consciously avoided learning that one aim of the conspiracy was to launder the proceeds of unlawful activity. Because this claim was not raised below, we review the propriety of the challenged jury instruction for plain error. Fed.R.Crim.P. 52(b); *United States v. Pabon–Cruz,* 391 F.3d 86, 95–96 (2d Cir.2004). Plain error is "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights,' " *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)) (alteration in *Johnson*); upon a finding of plain error we may exercise our discretion to notice the forfeited error "only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* (quoting *Olano,* 507 U.S. at 732 (further internal quotation marks omitted)).

Ibarra's challenge fails at the first step. A conscious avoidance charge may properly be given if "(1) the defendant asserts the lack of some specific aspect of knowledge required for conviction, ... and (2) the appropriate factual predicate for the charge exists, i.e., the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt ... that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Ferrarini,* 219 F.3d 145, 154 (2d Cir.2000) (internal quotation and alterations marks and citations omitted; second ellipsis in original). Both prerequisites were present here. First, Ibarra's defense was premised in part on the attacking the reliability of an FBI agent's account of his post-arrest statements that he had never asked the source of the funds he delivered but believed they were drug money, on the argument that his use of a nickname, his own car and the lack of any disguise in conveying the funds was consistent with innocent conduct, and that there was insufficient reliable evidence that he knew that the funds were illicit. Because he placed his knowledge in dispute in this manner, it is irrelevant that he did not directly testify to lack of knowledge. *United States v. Hopkins,* 53 F.3d 533, 542 (2d Cir.1995). As to the second prong, Ibarra argues that there was no evidence that he took measures to avoid knowledge of the illicit source of the funds he handled. We have held that "the second prong may be established where, '[a] defendant's involvement in the criminal offense [was] so overwhelmingly suspicious that the defendant's failure to question the suspicious circumstances establishes the defendant's purposeful contrivance to avoid guilty knowledge.' " *United States v. Svoboda,* 347 F.3d 471, 480 (2d Cir.2003) (quoting *United States v. Lara–Velasquez,* 919 F.2d 946, 952 (5th Cir.1990) (first alteration in *Svoboda*) (emphasis in original omitted)). The

government adduced evidence that Ibarra conveyed a large amount of cash between two people he did not know, for a cash commission, and using only a nickname to identify himself. It also adduced evidence that Ibarra had done the same on prior occasions, that he described the people involved as "dangerous," and that he admitted knowing that what he was doing was unlawful and that he feared arrest. This evidence amply supports the giving of a conscious avoidance charge as to the requisite knowledge that the aim of the charged conspiracy was to launder the proceeds of a felony offense.[1]

### 2. Blakely *challenge*

Ibarra argues that the imposition of certain sentencing enhancements violated his Sixth Amendment rights under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In particular, he challenges the imposition of (1) a fourteen-level enhancement based on the amount of funds involved in the offense pursuant to U.S.S.G. §§ 2S1.1(a)(2) and 2B1.1, and (2) a six-level enhancement pursuant to § 2S1.1(b)(1) based on the court's finding that Ibarra knew that the offense involved drug proceeds. Because Ibarra did not object to his sentence on this ground below, we review his claim for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Reis*, 369 F.3d 143, 148 (2d Cir.2004). This Court has held that it will not sustain even preserved Sixth Amendment challenges to sentences under the Guidelines

unless and until the Supreme Court makes clear that *Blakely* applies to them, and we reject Yakobowicz's claims pursuant to that policy. *United States v. Mincey*, 380 F.3d 102, 106 (2d Cir.2004). We will hold the mandate in this case, however, pending the Supreme Court's decisions in *United States v. Booker*, No. 04–104, and *United States v. Fanfan*, No. 04–105. *See Mincey*, 380 F.3d at 106. Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decisions, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not consider the substance of any issue concerning defendant's sentence until after the Supreme Court's decisions in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decisions to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.

---

1. Ibarra's further argument that the conscious avoidance charge was not "mitigated by any counteracting instruction" rests on the mistaken premise that the conscious avoidance charge was unjustified, and fails for that reason. In any event we discern no legal error in the challenged portion of the court's charge. Nor do we attach any significance to the district court's casual remark in a collo-

quy with counsel that the conscious avoidance charge was warranted as to "knowledge that it's drug dealing." As Ibarra concedes, the court properly charged the jury that it only had to find that Ibarra acted with knowledge that the conspiracy involved the proceeds of some felonious activity. *See* 18 U.S.C. § 1956(c)(1); *United States v. Maher*, 108 F.3d 1513, 1525–27 (2d Cir.1997).