**UNITED STATES of America,**
**Appellee–Cross–Appellant,**

v.

**Earnest HARTFIELD, Defendant–**
**Appellant–Cross–Appellee.**

**Docket No. 04–4240(L)–CR.**

United States Court of Appeals,
Second Circuit.

June 29, 2005.

J. Scott Porter, Syracuse, NY, for Appellant.

Paul D. Silver, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney, Robert P. Storch, Assistant United States Attorney, Senior Litigation Counsel), for Appellee.

PRESENT: NEWMAN, WINTER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant/cross-appellee Earnest Hartfield appeals the judgment of sentence of the United States District Court for the Northern District of New York. Upon pleading guilty to distributing more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), Hartfield was principally sentenced to 96 months imprisonment. We presume the parties' familiarity with the facts and procedural history of the case.

■ First, Hartfield argues that his sentence should be vacated and remanded in light of the Supreme Court's decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because this objection was preserved below, a remand for resentencing is required under *United States v. Fagans*, 406 F.3d 138, 141–42 (2d Cir.2005). In any event, at sentencing, the district court here sentenced Hartfield to a 96–month term of imprisonment but stated that "[i]f the guidelines are found unconstitutional, the sentence would be 87 months." In contrast, the judgment states that the alternative sentence is to apply "in the event the Sentencing Guidelines are determined to be constitutional." Because the transcript conflicts with the judgment of sentence and the district court's intended sentence is unclear, resentencing would be necessary. In resentencing Hartfield, the district court should consider the factors now relevant to sentencing under *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and, if it imposes a non-Guidelines sentence, should articulate

its reasons for doing so.[1] *See United States v. Crosby*, 397 F.3d 103, 116 (2d Cir.2005).

■ Second, the government argues on cross-appeal that the district court mistakenly declined to count Hartfield's prior New York state youthful offender conviction in determining Hartfield's sentence and thus erroneously failed to impose the mandatory minimum sentence of ten years required by 21 U.S.C. § 841(b)(1)(B) for a defendant who has previously been convicted of a felony drug offense. In *United States v. Sampson*, 385 F.3d 183 (2d Cir. 2004), issued shortly after Hartfield's sentencing, we reviewed the federal drug conviction of a defendant who had previously been convicted of New York state felony drug offenses that the New York sentencing court subsequently " 'deemed vacated and replaced by a youthful offender finding," 385 F.3d at 194 (quoting N.Y.C.P.L. § 720.20(3)). We affirmed the district court's determination that the defendant's youthful offender adjudication qualified as a prior final conviction under 21 U.S.C. § 841(b)(1). *Id.* at 194–95. Defense counsel conceded at oral argument that, under *Sampson*, the district court should have considered Hartfield's youthful offender conviction in sentencing Hartfield. The district court must, however, comply with the notification requirements of 21 U.S.C. § 851(b) when counting Hartfield's youthful offender conviction as a prior drug felony offense under 21 U.S.C. § 841(b)(1)(B). Section 851(b) instructs the court "after conviction but before pronouncement of sentence [to] inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as

---

**1.** Hartfield also argues that using a prior conviction in calculating a subsequent criminal sentence violates the Sixth Amendment where the fact of such conviction has not been submitted and proven to a jury beyond a reasonable doubt. We have previously rejected this

argument. *See United States v. Fagans*, 406 F.3d 138, 141–42 (2d Cir.2005) (" 'The[] fact[s] of a prior conviction' do not implicate Defendant's Sixth Amendment rights." (citing *Booker*, 125 S.Ct. at 748–49; alteration in original)).

alleged in the information, and [to] inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Although the government contends that Hartfield affirmed his prior drug conviction at the time of his plea as required under § 851(b), the transcript of Hartfield's plea agreement is ambiguous on this point, and the record does not reflect that the court informed Hartfield of the future consequences of his failure to challenge a prior conviction as also required by § 851(b).

Finally, the government argues that the district court erroneously excluded Hartfield's pre-January 1, 2003 drug-related conduct from its relevant conduct calculation of Hartfield's base offense level under United States Sentencing Guideline ("U.S.S.G.") § 1B1.3(a)(2). We have stated that " '[q]uantities of narcotics neither charged in the indictment nor physically seized are "relevant conduct" for calculation of the base offense level if they were part of the same course of conduct as the counts leading to conviction.' " *United States v. Santiago*, 906 F.2d 867, 871 (2d Cir.1990) (quoting *United States v. Schaper*, 903 F.2d 891, 898 (2d Cir.1990) (alteration in original)). We have also stated that "[w]ith respect to drug offenses, relevant conduct consists of 'all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." *United States v. Smith*, 215 F.3d 237, 240 (2d Cir.2000) (citation omitted); *see also United States v. Williams*, 247 F.3d 353, 357 (2d Cir.2001).

As conceded by defense counsel at oral argument, there is no apparent basis in the record to limit the relevant conduct inquiry to the January 1, 2003 date used by the district court. In any event, the district court is obligated to make adequate findings for this Court to understand its rea-

sons in imposing a judgment of sentence. *Cf. United States v. Leiva–Deras*, 359 F.3d 183, 193 (2d Cir.2004) ("[W]hen a district court proceeds to resolve a disputed issue of fact during sentencing, there is the additional requirement that it must declare its findings with sufficient clarity that an appellate court can review them."). In resentencing Hartfield, the district court should elaborate upon its reasons for choosing the time period of "relevant conduct" when it sets Hartfield's base offense level. *See also* Fed.R.Crim.P. 32(i)(3)(B); U.S.S.G. § 6A1.3(b).

We have considered plaintiffs' remaining arguments and find them to be without merit. The judgment of the district court is REMANDED with instructions to vacate the sentence and to resentence in conformity with this order.