**UNITED STATES of America,**
**Appellee–Cross–Appellant,**

v.

**Earnest HARTFIELD, Defendant–**
**Appellant–Cross–Appellee.**

**Nos. 05–4984–cr, 05–6587–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 8, 2007.

Paul D. Silver, Assistant United States Attorney, of counsel. (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief) Albany, NY, for Appellee–Cross–Appellant.

Bruce R. Bryan, Esq., Syracuse, NY, for Defendant–Appellant–Cross–Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. PETER W. HALL, Circuit Judges, Hon. DORA L. IRIZARRY, District Judge.*

SUMMARY ORDER

Defendant–Appellant–Cross–Appellee Earnest Hartfield ("Hartfield") appeals from a sentence of one hundred twenty

* The Honorable Dora L. Irizarry, District Judge for the Eastern District of New York, sitting by designation.

months' imprisonment imposed by the United States District Court for the Northern District of New York, Honorable David N. Hurd, United States District Judge. Hartfield argues that the district court impermissibly supplemented the record-after a remand by this Court for re-sentencing-with a certificate of conviction evidencing Hartfield's youthful offender adjudication ("YO adjudication"), which resulted in an enhanced statutory mandatory minimum sentence of one hundred twenty months' imprisonment. On its cross-appeal, the Government argues that the district court erred by refusing to consider asserted relevant conduct that occurred prior to January 1, 2003 for the purpose of calculating Hartfield's Sentencing Guidelines range. We assume the parties' familiarity with the facts and procedural history of the case.

This Court conducts its "review of sentences under a 'reasonableness' standard," and we do not limit our review for reasonableness to consideration of the length of the sentence. *United States v. Thorn*, 446 F.3d 378, 387 (2d Cir.2006). "Without regard to its length, a sentence is not reasonable if legal errors led to its imposition." *Id.* "We review issues of law *de novo*, issues of fact under the clearly erroneous standard, mixed questions of law and fact either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *Id.*

### A. Hartfield's Appeal

 Hartfield argues that, in its remand order of June 29, 2005, *United States v. Hartfield*, 138 Fed.Appx. 351 (2d Cir.2005), this Court did not explicitly direct the district court to consider whether the government provided sufficient proof of Hart-

field's YO adjudication nor did it allow the district court to consider any additional evidence in that regard. Hartfield asserts, therefore, relying on *United States v. Quintieri*, 306 F.3d 1217 (2d Cir.2002), that the district court erred when it supplemented the record with a certificate of conviction that allowed the district court to find that the YO adjudication was sufficiently proved. We disagree.

While *Quintieri* may prevent a district court from considering on remand of a sentence issues that the appellate court does not explicitly direct the district court to consider, *see id.* at 1227–29, here, the issue of whether Hartfield's YO adjudication requires a minimum sentence enhancement under the statute is exactly what this Court did direct the district court to consider. This Court held that Hartfield's YO adjudication could be considered a "prior conviction" for purposes of minimum sentence enhancement under 21 U.S.C. § 841(b)(1)(B) and then directed the district court to comply with the notice requirements of § 851(b) by, inter alia, allowing Hartfield the opportunity to affirm or deny the prior conviction. On remand, when the district court made that inquiry, Hartfield denied his YO conviction. Thus, under Hartfield's reading of our remand order, the district court would have been prevented from considering evidence—such as the certificate of conviction—that directly refuted his denial. This Court's remand order was not so limited, and the district court was permitted to consider the certificate obtained by the probation office.

Finally, Hartfield argues, as an alternative claim, that the assistance rendered by his counsel on his first appeal to this Court was ineffective. Because the record before us does not contain the information

necessary to the resolution of Hartfield's ineffective-assistance-of counsel claim, we decline to address it on this appeal and leave it to Hartfield, if he determines that the claim remains relevant, to raise the claim on a petition for habeas corpus under 28 U.S.C. § 2255. *See United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006).

As the Supreme Court has noted, collateral review typically provides a far better opportunity for an evaluation of an ineffective-assistance claim than direct review, because a factual record focused on the defendant's claim can be developed in the district court, including by "tak[ing] testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance."

*Id.* (quoting *Massaro v. United States*, 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003)). Hartfield also challenges the use of a prior conviction not mentioned in the indictment, but recognizes that this claim is now precluded by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

### B. The Government's cross-appeal

■ The Government argues that the district court erred by refusing to consider, in calculating Hartfield's Sentencing Guidelines range, any of Hartfield's conduct relating to the amount of crack cocaine for which he was responsible that was not proven to a jury beyond a reasonable doubt or admitted by Hartfield. If the district court did err by refusing to consider such conduct, we hold such error to have been harmless. At resentencing, the district court made a point of stating that Hartfield did not deserve a sentence of ten years' imprisonment, and that, if it had the power to impose a lesser sentence, it would have. We are confident, therefore, that had the district court considered all of the conduct the Government argues it should have considered in calculating Hartfield's Sentencing Guidelines range, it would have nonetheless imposed the statutory minimum of ten years' imprisonment. *Cf. United States v. Dos Reis*, 369 F.3d 143, 151 (2d Cir.2004) (assuming arguendo that the district court impermissibly double-counted a sentencing factor but finding the error harmless where the Court determined that the district court, even had it not considered that sentencing factor at all, would have imposed the same sentence).

For the foregoing reasons, the decision of the district court is **AFFIRMED**.