**UNITED STATES of America,**
**Appellee,**

v.

**Boris GALACIA, Defendant–Appellant.**

No. 06–3613–cr.

United States Court of Appeals,
Second Circuit.

July 10, 2008.

Edward R. Palermo, Palermo, Palermo & Tuohy, P.C., Smithtown, NY, for Appellant.

Richard P. Donoghue (Susan Corkery, on the brief), Assistant U.S. Attorney, U.S. Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA A. LIVINGSTON and Hon. JOHN R. GIBSON,* Circuit Judges.

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. Although Galacia's sentence would likely be characterized as a "variance" from the Guidelines range as the Supreme Court has recently enunciated that term in *Irizarry v.*

## SUMMARY ORDER

Boris Galacia appeals from a judgment of conviction and sentence entered July 13, 2006, in the United States District Court for the Eastern District of New York, following a guilty plea. Galacia pleaded guilty to assault resulting in serious bodily injury in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(3). He was sentenced principally to ten years' imprisonment. We assume the parties' familiarity with the facts and procedural history of the case.

Galacia argues that (1) the district court failed to give him notice of its intent to depart upwardly from the Guidelines range; (2) the district court violated his Fifth and Sixth Amendment rights by relying on facts neither admitted by Galacia nor determined by a jury in order to depart upwardly from the recommended Guidelines range; and (3) the district court engaged in impermissible double-counting in calculating Galacia's sentence.

■ As to Galacia's first argument, the district court gave reasonable notice of its intent to depart upwardly from the Guidelines range and thus satisfied the requirements of Fed.R.Crim.P. 32(h).[1] Early in the sentencing hearing, the court announced its intent to upwardly depart. It then offered Galacia the opportunity to adjourn the sentencing proceedings so that he could further investigate or challenge the grounds for the departure. The district court also took a recess to give Galacia time to consider whether he wanted to adjourn the sentencing proceedings. After the recess, Galacia's attorney informed the

*United States,* — U.S. —, 128 S.Ct. 2198, 2201–03, 171 L.Ed.2d 28 (2008), we need not decide that issue, nor whether Rule 32(h) notice was required here, because we conclude that Galacia was provided with sufficient notice of the district court's intention to depart upward from the Guidelines range.

court that Galacia wanted to go forward with sentencing. The district court's statement of its intent early in the proceeding coupled with its offer to adjourn the proceeding to allow Galacia to respond to the possibility of upward departure provided reasonable notice. We also note that Galacia's decision to forgo the opportunity to adjourn the sentencing undermines his argument that he was somehow prejudiced by lack of notice, because in declining adjournment he effectively forfeited the protections that the notice he was given would otherwise have afforded.

■ Galacia's second argument, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is that the district court engaged in impermissible judicial factfinding by imposing a sentence based on facts concerning disciplinary violations occurring in prison that were addressed in the Presentence Investigation Report ("PSR") but never found by a jury nor admitted by the defendant. As a preliminary matter, Galacia did not object to any of the facts at issue in the PSR and thus has waived his right to contest them on appeal. *See United States v. Rizzo*, 349 F.3d 94, 99 (2d Cir.2003). Nevertheless, his argument fails on the merits as well. Galacia's reliance on *Apprendi* is misplaced because the district court sentenced Galacia to ten years' imprisonment, well below the statutory maximum of twenty years provided in 18 U.S.C. § 1959(a)(3). *See Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. To the extent that Galacia argues a higher standard of proof should apply to these facts because of their disproportionate effect on his sentence, *see United States v. Lynch*, 437 F.3d 902, 916 (9th Cir.2006) (en banc) (per curiam), this Court does not follow that rule. *See United States v. Cordoba–Murgas*, 233 F.3d 704, 708–09 (2d Cir.2000).

■ Galacia's third argument is that the district court engaged in impermissible double-counting when it used factors that had already affected his Guidelines range to support its upward departure. We do not reach the question of whether the district court impermissibly double-counted these factors because we conclude that even if it did, any error that occurred was harmless. *See United States v. Reis*, 369 F.3d 143, 151 (2d Cir.2004). We have said that "[w]hen a sentencing court relies on a combination of permissible and impermissible factors to justify a departure, the sentence will be affirmed if an appellate court determines the district court would have imposed the same sentence absent reliance on the impermissible factors." *United States v. Payton*, 159 F.3d 49, 61 (2d Cir.1998). Although the district court considered Galacia's prior conviction and the seriousness of the injuries sustained by the victim involved in his current conviction, its decision to depart upwardly rested primarily on the numerous disciplinary actions taken against Galacia for incidents in prison. Indeed, immediately before imposing the sentence, the district court cited seven different incidents that occurred while Galacia was incarcerated, and for which he was disciplined, including disorderly conduct, fighting with other inmates, and refusing direct orders. Because of the district court's obvious reliance on these incidents to upwardly depart, we conclude that any double-counting error that may have occurred was harmless. *See Reis*, 369 F.3d at 151.

We have considered all of Galacia's other arguments and find them to be without merit. For the reasons stated above, the judgment is AFFIRMED.