**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hilario Rodriguez REYES,**
**Defendant–Appellant.**

**No. 89–2115.**

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 1989.

Daniel Vera, Corpus Christi, Tex., for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Houston, Tex., Bob Wortham, U.S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before GEE, REAVLEY and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

Hilario Rodriguez–Reyes challenges the sentence of imprisonment imposed by the district court under the Sentencing Guidelines. The issue raised by Reyes is whether, based on the defendant's acceptance of responsibility, the district court may lower the offense level for a career offender. Because we hold that the district court correctly applied the Sentencing Guidelines by refusing to lower the offense level of a career offender, we affirm.

*Background*

On August 30, 1988, a Border Patrol agent discovered marijuana hidden in a car driven by Hilario Rodriguez–Reyes. Reyes pleaded guilty to possession with intent to distribute approximately four kilograms of marijuana. 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The district court sentenced Reyes as a career offender under § 4B1.1 of the Sentencing Guidelines. Reyes received a sentence of 51 months of imprisonment, supervised release with community service and substance abuse treatment, and a fifty dollar special assessment.

The circumstances of the present offense, in combination with Reyes' two prior felony convictions involving controlled substances, qualify Reyes for career offender status under the Sentencing Guidelines. *See* Sentencing Guidelines, § 4B1.1 (Jan. 15, 1988). Reyes does not contend that career offender status was improperly imposed in this case. Reyes' only contention in this appeal is that the district court correctly found that he accepted personal responsibility for his criminal conduct but erroneously refused to reduce the final offense level by two levels.

*Discussion*

Reyes contends the sentence of 51 months is the result of an incorrect application of the Sentencing Guidelines. *See* 18 U.S.C. § 3742(e)(2). "[W]e review the application of the guidelines fully for errors of law." *United States v. Otero*, 868 F.2d 1412, 1414 (5th Cir.1989). The fact findings of the district court are not challenged.

Section 1B1.1 of the Sentencing Guidelines maps out the manner in which a sentencing court should apply the Guideline provisions. The court first determines the base offense level under Chapter Two. *See Sentencing Guidelines*, § 1B1.1(a) and (b). In this case, the base offense level for possession with intent to distribute approximately four kilograms of marijuana is level 12. *See id.* at § 2D1.1(a)(3) (Oct., 1987). The court then makes adjustments, not applicable in this case, relating to victim, role, and obstruction of justice. *See id.* at § 1B1.1(c) and Chap. 3, Parts A, B, and C. The court may also adjust the offense level to reflect the defendant's acceptance of responsibility. *See id.* at § 1B1.1(e). The district court found Reyes to have accepted responsibility for his criminal acts; thus, the base offense level of 12 was lowered to a "total offense level" of 10. *See id.* at § 3E1.1 (Jan. 15, 1988).

The court next determines the defendant's criminal history category and any other applicable adjustments under Parts A and B of Chapter Four. *See id.* at § 1B1.1(f). In this case, Reyes qualifies as a Career Offender under Part B of Chapter Four. *See id.* at § 4B1.1. According to the table in § 4B1.1, a career offender violating a statute with a statutory maximum sentence of five years imprisonment, such as 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), receives an offense level of 17. "If the offense level for a career criminal from the table [in this case, 17] ... is greater than the offense level otherwise applicable [in this case, 10], the offense level from the

table ... shall apply." *Id.* at § 4B1.1. The district court, therefore, applied the offense level of 17.

A career offender's criminal history category is always Category VI. *Id.* Under the Sentencing Table in Chapter Five, an offense level of 17 and criminal history category VI produce a guideline range of 51 to 63 months. *See id.* at § 1B1.1(g) and Chap. 5, Part A. As a final matter, the court determines the appropriate sentencing requirements, options, and special considerations before imposing sentence. *See id.* at § 1B1.1(h) and (i) and Chap. 5, Parts B through K.

By its clear language, the Sentencing Guidelines do not allow for the increase or reduction of the offense level determined from the table under § 4B1.1. The Commission intended § 4B1.1 to implement the congressional mandate, in 28 U.S.C. § 994(h), "that certain 'career' offenders, as defined in the statute, receive a sentence of imprisonment 'at or near the maximum term authorized.'" *See* Sentencing Guidelines, 4B1.1 Commentary. The guideline range of 51 to 63 months determined by the district court approximates the five year maximum term authorized by the statute under which Reyes was convicted. The two level reduction urged by Reyes would place the guideline range at 41 to 51 months, a result that does not permit a sentence "at or near" the five year statutory maximum.

If the clear language of § 4B1.1 is misleading, the Sentencing Commission has the ability to rectify the problem. Part B of Chapter 4 pertains solely to "Career Offenders and Criminal Livelihood." In June of 1988, the Commission did amend § 4B1.3 (Criminal Livelihood) to permit the offense level for a defendant with a "criminal livelihood" to be reduced two levels under § 3E1.1 (Acceptance of Responsibility). If the two level reduction for acceptance of responsibility was similarly appropriate for career offenders the Commission could have—and we think, would have—made the applicability of § 3E1.1 (Acceptance of Responsibility) express in both provisions.

Finally, the district court retains, at least marginally, the ability to reflect the defendant's acceptance of responsibility in the sentence imposed. In this case, the district court expressly stated that it imposed a sentence at the "low end of the guidelines," because it considered Reyes' acceptance of responsibility "pertinent." In appropriate situations, the sentencing court has the added option of departing from the guidelines. In our holding that the offense level of a career offender is not eligible for a level reduction under § 3E1.1 (Acceptance of Responsibility), we find support in the decisions of other circuits. *See United States v. Huff,* 873 F.2d 709, 713–14 (3d Cir.1989); *United States v. Alves,* 873 F.2d 495, 497–98 (1st Cir.1989).

AFFIRMED.