**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 97-50288**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**AVELARDO CANDELARIO-CAJERO,**

**Defendant-Appellant.**

---

**Appeals from the United States District Court**
**for the Western District of Texas**

---

**February 6, 1998**

Before POLITZ, Chief Judge, HIGGINBOTHAM and DEMOSS, Circuit Judges.

DEMOSS, Circuit Judge:

Defendant Avelardo Candelario-Cajero was sentenced in a single sentencing proceeding on multiple counts of conviction for the offense of transporting illegal aliens. The district court applied consecutive sentences in apparent disregard of the United States Sentencing Guidelines, which prescribe a general rule of concurrent sentences in such a case. We vacate and remand with instructions.

On November 4, 1996, Defendant Avelardo Candelario-Cajero pleaded guilty to one count of violating 8 U.S.C. § 1324(a)(1)(A)(ii). The offense involved the unlawful transportation of six aliens. Defendant was released on bond. Then, prior to his sentencing for the aforementioned offense, Defendant was caught unlawfully transporting seven more aliens. Defendant was charged with two more counts of violating 8 U.S.C. § 1324(a)(1)(A)(ii), and he once again pleaded guilty.

The district court granted Defendant's motion to consolidate the three separate convictions for the purposes of sentencing. On March 28, 1997, the district court sentenced Defendant to eighteen months of imprisonment on the original count and concurrent ten-month terms of imprisonment on each of the subsequent counts.[1]

---

[1] The district court calculated Defendant's sentence as follows:

|  | *Nov. 1996 conviction* | *Jan. 1997 conviction* |
|---|---|---|
| Base offense level (§ 2L1.1(a)(2)) | 9 | 9 |
| 6-24 aliens involved (§ 2L1.1(b)(2)(A)) | +2 | +2 |
| Obstruction of justice (§ 3C1.1) | +2 | -- |
| Acceptance of responsibility (§ 3E1.1) | -- | -2 |
| Total offense level | 13 | 9 |
| Criminal history category | I | I |
| Sentencing range | 12-18 months | 4-10 months |

The sentences also include terms of supervised release and special assessments. The relevant Sentencing Guidelines have been amended since Defendant's sentencing. *See* U.S.S.G. amendments 543 (May 1,

Over Defendant's objection, the concurrent ten-month sentences were imposed consecutively to the eighteen-month sentence.

## II.

Defendant timely appeals and contends that the Sentencing Guidelines require that all three sentences run concurrently. This Court reviews an alleged misapplication of the Guidelines de novo. *See, e.g.*, **United States v. Kay**, 83 F.3d 98, 101 (5th Cir.), *cert. denied*, 117 S. Ct. 247 (1996).

When there are "multiple counts of conviction . . . contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding," U.S.S.G. § 5G1.2 governs the issue of how the separate sentences are to be imposed. U.S.S.G. § 5G1.2 commentary.

The Guideline provides:

> **§ 5G1.2. SENTENCING ON MULTIPLE COUNTS OF CONVICTION**
>
> (a) The sentence to be imposed on a count for which the statute mandates a consecutive sentence shall be determined and imposed independently.
>
> (b) Except as otherwise required by law (*see* § 5G1.1(a), (b)), the sentence imposed on each other count shall be the total punishment as determined in accordance with Part D of Chapter Three, and Part C of this Chapter.
>
> (c) If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law.

---

1997) and 561 (November 1, 1997).

(d) If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.  In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

In the present case, the underlying criminal statute, 8 U.S.C. § 1324, does not require consecutive sentences, so subsection (a) of the Guideline is inapplicable.  Subsection (b) incorporates the grouping rules of U.S.S.G. §§ 3D1.1-.5.  Under those grouping rules, regardless of whether the Defendant's offenses are treated as multiple counts, *see* U.S.S.G. § 3D1.1, or a group of closely related counts, *see* U.S.S.G. § 3D1.2, the sentence suggested by the Guidelines does not stretch beyond the maximum statutory sentence, which is five years under the applicable version of 8 U.S.C. § 1324.[2]  Thus, under subsection (c), the Guidelines require that the sentences run concurrently.

Based on the rule of U.S.S.G. § 5G1.2(c), Defendant objected to the district court's imposition of consecutive sentences.  This objection was overruled, but the legal justification for the ruling was not made clear.  The district court responded to Defendant's objection at the sentencing hearing as follows:

[W]e're going to run consecutive, you know, because he -- within the space of a few months he pled guilty on two different illegal transportations so -- an he's lucky I'm not doing -- going to do the

---

[2]   The statute has been amended to provide, in cases of profit-motivated violations, a ten-year maximum sentence and a three-year minimum sentence for first- and second-time offenders.  *See* 8 U.S.C. § 1324.  The new provisions do not apply to Defendant.

> -- or frankly, I think it would justify an upward departure somewhere close to the maximum statutory range, but I'm not going to do that. But I am going to run them consecutive.

If the district court believed that consecutive sentences were required by the Guidelines, it was plainly mistaken. But if the court intended to depart from the Guidelines because of special circumstances, that intention was expressed very ambiguously. The parties draw different conclusions from this scenario.

Defendant argues that the Guidelines were simply applied in error. He relies entirely on his interpretation of the court's ruling, which is that the court explicitly stated an intention not to depart from the Guidelines. Reasoning from the premise that the court determined that a departure was not warranted, the Defendant concludes that the court's failure to impose concurrent sentences was an erroneous application of U.S.S.G. § 5G1.2.

The government takes a different approach in its attempt to salvage the sentence, asserting that the district court's decision to depart from the Guidelines should be implied from its action. Indeed, the argument for departure is a strong one. If the Guidelines are applied as suggested by the Defendant, there will be no additional sanction for his second offense, which was committed after Defendant was convicted on the first offense and awaiting sentencing.

The government thus argues that § 5G1.2 may be disregarded when a departure from the grouping rule is warranted. In such a case, the district court has authority under 18 U.S.C. § 3584(a) to decide whether to impose concurrent or consecutive sentences for

multiple terms of imprisonment. *See, e.g.*, **United States v. Martinez**, 950 F.2d 222, 226 (5th Cir. 1991), *cert. denied*, 504 U.S. 926 (1992). The unique factor in this case -- the lack of sanction for repeated criminal conduct after a conviction -- arguably warrants departure.[3] The applicability of § 5G1.2 to a consolidated sentencing hearing could not have been intended to have this counterintuitive effect. Therefore the scenario may be considered to fall outside the "heartland" contemplated by the Sentencing Commission, making it a candidate for departure. *See* **Koon v. United States**, 518 U.S. 81, ___, 116 S. Ct. 2035, 2045 (1996).

The question remains, however, whether a reviewing court should ever imply a departure. It is well-established that district courts must explain their reasons for departing from the Guidelines. *See, e.g.*, **United States v. Lambert**, 984 F.2d 658, 663 (5th Cir. 1993) (en banc). It follows that when the district court decides to depart from the Guidelines, it must state that it is in fact departing.

The government may be correct that the district court intended to depart upward when it applied consecutive sentences. Be that as it may, this Court must insist on a plain statement of departure

---

[3] The government also attributes to the district court the following reasons for departure: Defendant's profit from his criminal acts (which would merit an enhanced sentence under the newly revised 8 U.S.C. § 1324); numerous episodes and a high number of aliens transported; and the recent amendment to U.S.S.G. § 2L1.1 which raises the base offense level from 9 to 12 and raises the adjustment for transportation of 6 to 24 aliens from a two-level increase to a three-level increase.

and supporting reasons, especially in light of the ambiguity that may otherwise arise in appeals just like this one. Assuming for the sake of argument that the government has correctly discerned the intention of the district court, the burden of providing a more definite statement on remand will be slight.

**III.**

Because the district court either misapplied the Guidelines or failed to explain that Defendant's sentence was based on an upward departure from the Guidelines, we VACATE Defendant's sentence and REMAND this case for resentencing. If an upward departure is contemplated by the district court on remand, the court must provide reasonable notice specifying the grounds for departure. *See* FED. R. CRIM. P. 32; *United States v. Burns*, 501 U.S. 129, 138-39 (1991). Should departure ultimately factor into Defendant's sentence on remand, the district court is instructed to make a record of such determination and the reasons for it.

VACATED and REMANDED WITH INSTRUCTIONS.