**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4995**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DAVID F. BRACKETT,

                    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.   Gina M. Groh, District Judge. (3:12-cr-00059-GMG-DJJ-1)

Submitted:  June 10, 2013              Decided:  June 12, 2013

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eric S. Black, Berkeley Springs, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David F. Brackett, Jr., appeals the district court's imposition of consecutive 162-month and 120-month sentences following his convictions for wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (2006), and money laundering, in violation of 18 U.S.C. § 1957(a) (2006), respectively. On appeal, Brackett contends that the district court committed procedural error by failing to properly apply U.S. Sentencing Guidelines Manual (USSG) § 5G1.2 (2011), and abused its discretion by imposing consecutive sentences. Finding no reversible error, we affirm.

In reviewing a sentence, we must ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing the district court's application of the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009).

Assuming, without deciding, that the district court committed procedural error in its application of USSG § 5G1.2 and imposition of consecutive sentences, we conclude that any error was harmless and does not require reversal on appeal. See Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity or

2

variance that does not affect substantial rights must be disregarded."); United States v. Savillon-Matute, 636 F.3d 119, 123-24 (4th Cir. 2011) (permitting "assumed error harmlessness inquiry") (internal quotation marks omitted). It is clear from the record that the district court would have imposed consecutive sentences regardless of the Guidelines and that the consecutive sentences were permissible and reasonable under the circumstances. See Savillon-Matute, 636 F.3d at 123-24 (providing requirements for assumed error harmlessness inquiry); see also 18 U.S.C. § 3584(a), (b) (2006) (requiring court to "consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)" in imposing consecutive sentences); United States v. Candelario-Cajero, 134 F.3d 1246, 1249 (5th Cir. 1998) (finding that § 3584(a) permits departure from USSG § 5G1.2 grouping rules). Thus, we conclude that the court did not abuse its discretion in imposing consecutive sentences for Brackett's offenses. See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3