**REVISED DECEMBER 19, 2018**
**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

————

No. 17-30884

————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHRISTOPHER DOUGLAS,

Defendant – Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2018

Lyle W. Cayce
Clerk

Consolidated with 17-30890

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHRISTOPHER L. DOUGLAS,

Defendant – Appellant.

————

Appeals from the United States District Court
for the Western District of Louisiana

————

Before REAVLEY, ELROD, and HIGGINSON, Circuit Judges.

REAVLEY, Circuit Judge:

No. 17-30884
c/w No. 17-30890

Christopher Douglas pleaded guilty to kidnapping and drug charges. He appeals only his sentence, which judgment we vacate. He has to be resentenced.

## I.

The kidnapping indictment was in the Eastern District of Texas and the drug indictment was in the Western District of Louisiana. Douglas consented to having the kidnapping case transferred to the Western District of Louisiana. A separate PSR was created for each case. The PSR in the drug case reported an advisory guidelines range of 188 to 235 months, and the PSR in the kidnapping case reported an advisory guidelines range of 262 to 327 months.

The district court sentenced Douglas to 324 months for the kidnapping offense. It sentenced him to 192 months for the drug offense and ordered that 96 months of that sentence would run concurrently with, and 96 months would run consecutively to, the kidnapping sentence. The district court also imposed concurrent five-year terms of supervised release and ordered that both sentences would run consecutively to any state revocation sentence. Neither party objected to the sentences. Douglas timely appealed, and the motion to consolidate the cases was granted by this court.

## II.

In his opening brief, Douglas challenged only the substantive reasonableness of his sentences. But in reviewing his case we noticed a potential sentencing-range miscalculation arising from the district court's failure to determine a combined offense level encompassing both of Douglas's convictions. *See* U.S.S.G. §§ 3D1.1–.5. With our interest aroused—especially as to how this error affected Douglas's total sentence under § 5G1.2 ("Sentencing on Multiple Counts of Conviction")—we ordered supplemental briefing on the following question: "Are [Douglas's] sentences consistent with USSG Sections

No. 17-30884
c/w No. 17-30890

3D1.4 and 5G1.2, and if not, what result?" Both parties now agree that the district court erred in failing to determine a combined offense level and that Douglas's total sentence is inconsistent with the above-mentioned guidelines provisions. The government submits that proper application of those rules yields an advisory sentencing range of 324 to 405 months. Counsel for Douglas merely adopts the government's proffered calculation.

The threshold question is whether we should address the district court's error at all because Douglas did not object below or raise this issue in his opening brief. We answer in the affirmative. "In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Silber v. United States,* 370 U.S. 717, 718 (1962) (quoting *United States v. Atkinson,* 297 U.S. 157, 160 (1936)). Indeed, "in very rare instances, we have applied the plain-error standard to errors neither preserved below *nor* argued on appeal." *United States v. Delgado,* 672 F.3d 320, 329 (5th Cir. 2012) (en banc) (citing *United States v. Pineda–Ortuno,* 952 F.2d 98, 105 (5th Cir. 1992)). A district court's miscalculation of a guidelines range is the sort of exceptional circumstance that merits correction even where the defendant fails to object below or raise the argument in his opening brief on appeal. We will thus exercise our discretion to review the district court's application of the guidelines for plain error. *See* FED. R. CRIM. P. 52(b).

### III.

As mentioned, the probation office prepared separate PSRs for each of Douglas's two counts. For the kidnapping count, it calculated an advisory range of 262 to 327 months. For the drug count, it calculated an advisory

No. 17-30884
c/w No. 17-30890

guidelines range of 188 to 235 months. The district court accepted these ranges; it sentenced Douglas to 324 months for the kidnapping count and 192 months for the drug count and ordered the latter sentence to be served equal parts consecutive and concurrent to the kidnapping sentence. Douglas thus faces a 420-month prison sentence. As explained below, the district court plainly erred in concluding so.

The natural starting point is section 1B1.1, which "maps out the manner in which a sentencing court should apply the Guideline provisions." *United States v. Reyes*, 881 F.2d 155, 156 (5th Cir. 1989). The court first determines the base offense levels under Chapter Two and applies any appropriate offense characteristics. § 1B1.1(a) & (b). In this case, the base offense level for conspiracy to commit kidnapping is 32. §§ 2X1.1(a) & 2A4.1(a). We add two points because the victim sustained serious bodily injury, and another two points because a dangerous weapon was involved. §§ 2A4.1(b)(2)(B) & 2A4.1(b)(3). So, Douglas's offense level for the kidnapping count is 36. The base offense level for Douglas's drug count is 24, but we add two points because a firearm was involved, bringing it to 26. §§ 2D1.1(a)(5) & (c)(8); § 2D1.1(b)(1).

Next, we "[a]pply the adjustments as appropriate related to victim, role, and obstruction of justice from Parts A, B, and C of Chapter Three." § 1B1.1(a)(3). None are applicable here, so we proceed to § 1B1.1(a)(4), which instructs to "[a]pply Part D of Chapter Three to group the various counts and adjust the offense level accordingly." § 1B1.1(a)(4); *U.S. v. Dickson*, 632 F.3d 186, 190 (5th Cir. 2011) ("Next, if necessary, the court should group the various counts according to § 3D and adjust accordingly."). The district court's error rests here, as it did not apply Chapter Three's grouping rules.

Part D of Chapter Three directs courts to "[g]roup the counts resulting in conviction into distinct Groups of Closely Related Counts ('Groups') by

4

No. 17-30884
c/w No. 17-30890

applying the rules specified in § 3D1.2." § 3D1.1(a)(1). Section 3D1.2 instructs to group all counts "involving substantially the same harm." Counts involve substantially the same harm "when they represent essentially a single injury or are part of a single criminal episode or transaction involving the same victim." § 3D1.2, comment (n.3). If the counts do not involve substantially the same harm, they are treated as individual groups. § 3D1.2, comment (n.7). ("Note also that a Group may consist of a single count[.]"). Because Douglas's kidnapping and drug counts do not involve substantially the same harm, we treat them as individual groups.

Next, we determine each group's offense level, and do so "by applying the rules specified in § 3D1.3." § 3D1.1(a)(2). Section 3D1.3 provides that the "offense level" for a particular group "refers to the offense level from Chapter Two after all adjustments from Parts A, B, and C of Chapter Three." § 3D1.3, comment (n.1). Thus, the kidnapping group's adjusted offense level is 36, and the drug group's adjusted offense level is 26.[1] Courts are then directed to "determine the combined offense level applicable to all Groups." § 3D1.1(a)(3). We are instructed to do so "by applying the rules specified in § 3D1.4." *Id.* Section 3D1.4 instructs courts to count the group with the highest offense level as "one [u]nit" and to "[d]isregard any Group that is 9 or more levels less serious than the Group with the highest offense level." § 3D1.4(a) & (c). At 36, the kidnapping group has the highest offense level, and we disregard the drug

---

[1] The government contends that the kidnapping and drug groups' offense levels at this point are 37 and 34, respectively. This is so, according to the government, because "the Chapter 3 multi-count adjustment rules are applied before any reduction for acceptance of responsibility is assessed." While this is true, the government's calculation is incorrect because it applies Chapter 4's career-offender enhancement. We apply that provision only *after* applying the grouping rules and adjusting for responsibility. § 1B1.1(a)(4)-(6). The government's misstep here affects the rest of its analysis.

group because it is ten levels less serious. *Id.* When there is only one unit, for purposes of § 3D1.4, the combined-offense level is that of the group with the highest offense level. We adjust for acceptance of responsibility, which reduces Douglas's combined offense level to 33. § 1B1.1(a)(5); § 3E1.1 (a) & (b).

Now we determine the defendant's criminal history and any other applicable adjustments under Parts A and B of Chapter 4. § 1B1.1(a)(6). In this case, Douglas qualifies as a career offender under Part B of Chapter Four. § 4B1.1(a). According to the table in § 4B1.1, a career offender violating a statute with a statutory maximum sentence of life imprisonment, like kidnapping, receives an offense level of 37. § 4B1.1(b). We then reduce by three points for acceptance of responsibility, bringing Douglas's combined offense level to 34. "[T]his combined offense level is used to determine the guideline sentence range." § 3D1.1, comment, (backg'd). Douglas's criminal history category is VI because "[a] career offender's criminal history category is always Category VI." *Reyes*, 881 F.2d at 157; § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). We then plug these two figures into Chapter Five's sentencing table to produce the guidelines range. §1B1.1(a)(7). An offense level of 34 and a criminal history category of VI yields a guidelines range of 262 to 327 months. Ch.5, Pt. A, table.

After establishing the guidelines range, a court should apply "Parts B through G of Chapter Five" to determine "the sentencing requirements and options related to probation, imprisonment, supervision conditions, fines, and restitution." § 1B1.1(a)(8). This includes determining how multiple sentences should run. *See* § 5G1.2. "When there are 'multiple counts of conviction contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding,' U.S.S.G. § 5G1.2 governs the issue of how the separate sentences

No. 17-30884
c/w No. 17-30890

are to be imposed." *United States v. Candelario-Cajero*, 134 F.3d 1246, 1248 (5th Cir. 1998) (quoting § 5G1.2, comment (n.1)).

When a district court sentences a defendant on multiple counts that are not statutorily required to be a certain length or to be sentenced consecutively, it "shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law." § 5G1.2(b). Under § 5G1.2(d), a district court can impose consecutive sentences "'only to the extent necessary to produce a combined sentence equal to the total punishment'-*i.e.,* equal to the top of the guidelines range." *United States v. Williams*, 602 F.3d 313, 319 (5th Cir. 2010) (quoting § 5G1.2(d)). "If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." § 5G1.2(c). Thus, any sentence above 327 months—the top of the guidelines range—constitutes an upward departure. *See Williams*, 602 F.3d at 319 ("Any sentence above 18 months, the top of that range, would be an upward departure.").

As mentioned, the district court sentenced Douglas to 420 months in prison, which is 93 months higher than the top of the correct guidelines range. When a district court departs from the guidelines, "it must state that it is in fact departing." *Candelario-Cajero*, 134 F.3d at 1249. The district court in this case did not; rather, in both statements of reason, it marked the box reflecting the sentence was within the guidelines range.

## IV.

The district court's miscalculation of Douglas's sentencing range constitutes plain error. *See United States v. Lewis*, 907 F.3d 891, 894 (5th Cir. 2018) (setting forth plain error standard). We exercise our discretion to remedy

No. 17-30884
c/w No. 17-30890

the error because it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (quotation marks and citation omitted).

We VACATE and REMAND for resentencing in accordance with this opinion.