# United States Court of Appeals for the Fifth Circuit

———————

No. 24-50776
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James Martin Shearer,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CR-275-1

———————————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

James Martin Shearer was sentenced to 180 months of imprisonment after being convicted by a jury of attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b); and attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470. Shearer's prosecution arose out of his exchanging numerous text messages with an undercover

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

officer purporting to be a 15-year-old girl.  During these exchanges, Shearer sent two images depicting male genitalia and arranged to meet with the purported minor, arriving at the meeting site with condoms and lubricant in his vehicle.  Shearer now raises numerous challenges to his conviction and sentence.

Shearer argues that there is insufficient evidence in support of his conviction for attempted transfer of obscene material, because no reasonable juror could find that the images he sent were obscene.  We review the record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  In light of our own review, a rational jury could have concluded that at least one of the images involved a lewd exhibition of the genitals and was thus obscene. *See United States v. Salcedo*, 924 F.3d 172, 178-79 (5th Cir. 2019).

Shearer relatedly challenges the district court's jury instructions on obscenity.  "We review a district court's refusal to give a requested jury instruction for abuse of discretion." *United States v. Peterson*, 977 F.3d 381, 390 (5th Cir. 2020).  Shearer contends that the district court erred in failing to instruct the jury that photographs of genitalia as depicted in the images is not obscene as a matter of law.  This argument fails in light of *Salcedo*, 924 F.3d at 178-79.   His contention that the court erred by not instructing the jury that nudity alone is not sufficient to render material obscene is likewise without merit, as it was substantially covered by the jury instruction defining obscenity. *See United States v. Spalding*, 894 F.3d 173, 188 (5th Cir. 2018).  Finally, his proposed instruction that jurors should not consider context when determining if material is obscene is not a correct statement of settled law. *See Salcedo*, 924 F.3d at 178.  In any event, the jury instructions did not provide that context could be considered, focusing instead on the images

themselves. Further, Shearer fails to show how the refusal to give any of his proposed instructions impaired his defense. *See Spalding*, 894 F.3d at 188. There was no abuse of discretion.

Shearer also argues that law enforcement officers impermissibly testified as to his state of mind and as to certain legal conclusions and ultimate questions in violation of Federal Rule of Evidence 704(b). We review the district court's evidentiary rulings for abuse of discretion. *See United States v. Ebron*, 683 F.3d 105, 133 (5th Cir. 2012). We discern no error in admission of the testimony. Further, even if this evidence was improperly admitted, any error was harmless when considered in light of the significant evidence of Shearer's guilt. *See United States v. Mendoza-Medina*, 346 F.3d 121, 127 (5th Cir. 2003).

In addition, Shearer raises constitutional challenges to his conviction. His argument that the *Miller*[1] obscenity test is unconstitutional is unavailing as we are required to follow Supreme Court precedent, which he concedes. *See United States v. Vargas*, 74 F.4th 673, 680 (5th Cir. 2023). He further contends that § 1470 is unconstitutional as applied to him under the First Amendment. However, as discussed above, the jury reasonably could have found at least one of the images to be obscene, and obscene material is not protected by the First Amendment. *See United States v. Richards*, 755 F.3d 269, 273-74 (5th Cir. 2014).

Turning to sentencing, Shearer argues that the district court imposed a procedurally unreasonable sentence when the court calculated a separate sentencing range for each of his offenses. Because Shearer did not raise this argument in the district court, review is for plain error only. *See United States v. Johnson*, 943 F.3d 735, 737 (5th Cir. 2019). The Government agrees with

---

[1] *Miller v. California*, 413 U.S. 15 (1973).

Shearer that the district court erred and that remand for resentencing is warranted.

Shearer had a combined sentencing guidelines range of 121 to 151 months, with a 10-year statutory minimum on the § 2422(b) count (enticement) and 10-year maximum on the § 1470 count (attempted transfer of obscene material). The district court, however, treated the range as applying separately to each count and sentenced Shearer to consecutive terms of 120 months on the enticement count and 60 months on the attempted transfer of obscene materials count, which the court characterized as a downward variance. We agree that this constitutes reversible error and thus vacate and remand for resentencing. *See United States v. Douglas*, 910 F.3d 804, 808 (5th Cir. 2018). Accordingly, we need not reach Shearer's additional arguments, which may be addressed on remand.

Finally, we decline to assign this matter to a different judge on remand, given Shearer's failure to present this issue in his opening brief beyond a single, conclusory assertion. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).

In light of the foregoing, we AFFIRM Shearer's convictions, VACATE Shearer's sentence, and REMAND to the district court for resentencing consistent with this opinion.